**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                          )<br>                    Plaintiffs,                  )<br>                                                          )<br>vs.                                                     )<br>                                                          )<br>                                                          )<br>IRVIN LAZARO MALBOA-PENA,  )<br>                                                          )<br>                    Defendants.               )<br>_____ ) | No. CR 07-756-TUC-CKJ<br><br>**ORDER** |

On or about August 27, 2007, Magistrate Judge Jennifer C. Guerin issued a Report and Recommendation [Doc. # 61] in which she recommends the Court, after its independent review, deny the Motion in Limine to Preclude Introduction of Expert Testimony [Doc. # 48]. Judge Guerin advised the parties they had ten (10) days to serve and file written objections to the Report and Recommendation. Defendant has filed an objection to the Report and Recommendation. A response has been filed.

*Fed.R.Evid. 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>*

A witness is "qualified as an expert by knowledge, skill, experience, training, or education[.]" Rule 702, Fed.R.Evid. When an objection to an expert's testimony is raised, the court must perform *Daubert* gatekeeper duties before the jury is permitted to hear the evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 2795, 125 L.Ed.2d. 469 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149, 119 S.Ct. 1167, 1175, 143 L.Ed.2d 238 (1999); *Elsayed Mukhtar v. California State*

1  *University, Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), *amended en banc* at 319 F.3d at
2  1073 (9th Cir. 2003).  A trial court's gatekeeper duty requires two separate inquires:  the
3  witness must be qualified to offer the opinions he or she is espousing and the proponent of
4  the witness bears the burden of proving that its witness' opinions are both relevant and
5  reliable. *Kuhmo Tire*, 526 U.S. at 141, 152.

6        An expert may testify "in the form of an opinion or otherwise, if (1) the testimony is
7  based upon sufficient facts or data, (2) the testimony is the product of reliable principles and
8  methods, and (3) the witness has applied the principles and methods reliably to the facts of
9  the case." *Id*.  Factors that may be considered in determining reliability were set forth in
10 *Daubert*:  (1) whether the theory can be (and has been) tested; (2) whether it has been
11 subjected to peer review and publication; (3) whether there is a high known or potential rate
12 of error and whether there are standards controlling the techniques' operation; and (4)
13 whether the theory or technique enjoys general acceptance within a relevant scientific
14 community), and were made applicable to non-scientific expert testimony, depending on the
15 circumstances of a case, in *Kumho Tire.*

16       As stated by the magistrate judge, the *Daubert* factors are generally not applicable to
17 an expert whose testimony is based on other specialized knowledge.  However, the Court
18 must still perform its gatekeeper duties, but wide latitude is afforded to the Court in
19 determining whether the expert testimony should be admitted and in determining how to test
20 reliability. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004)
21 (where testimony is non-scientific, district court must make reliability determination to fulfill
22 gatekeeping duties); *United States v. Alatorre*, 222 F.3d 1098, 1101-02 (9th Cir. 2000).
23 Defendant asserts that, in making these determinations, a *Daubert* hearing is vital to ensure
24 that Special Agent Daniel Heston's testimony will not mislead the jury.  However, the Ninth
25 Circuit has held that a trial court may make a determination as to a proposed expert's
26 qualifications, the relevance of the testimony, and the reliability of the testimony without a
27 hearing.  *Alatorre*, 222 F.3d at 1102-03.  Indeed, this latitude allows a trial court to decide
28 what proceedings, if any, are required to determine reliability. *Alatorre*, 222 F.3d at 1103;

1 *see also Hangarter*, 676 F.3d at 1018 (trial court satisfied gatekeeping duties by probing the
2 extent of expert's knowledge and experience of expert in pre-trial rulings and during *voir*
3 *dire*).

4       During oral argument before the magistrate judge, counsel for the Defendant stated
5 that Agent Heston, with his extensive experience, was well-qualified.[1]  However, counsel
6 indicated that testimony should be presented to establish on what basis Agent Heston was an
7 expert. Counsel further indicated that pre-trial testimony by Agent Heston was appropriate
8 to ensure that he could be qualified as an expert. In light of the parties' general agreement
9 that Agent Heston is qualified and counsel's ability to *voir dire* Agent Heston at trial, the
10 Court finds that a pre-trial hearing is not required to receive testimony from Agent Heston.
11 The Court makes a preliminary finding, subject to presentation of his qualifications and
12 experience at trial, that Agent Heston is qualified to offer the opinions he will be espousing
13 (as proffered by the government).

14       The Court must also make a determination that the evidence will be reliable. Counsel
15 for Defendant appears to assert that the evidence is not reliable because, in his experience,
16 the use of tandem driving is not common. However, the district court is not to "evaluate the
17 credibility of opposing experts and the persuasiveness of competing scientific studies[.]"
18 *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir.
19 2003), *quoting Ambrosini v. Labarraque*, 101 F.3d 129, 141 (D.C.Cir. 1996). The jury is
20 entitled to hear expert testimony and decide whether to accept or reject it after considering
21 whether predicate facts on which the expert relied were accurate. *Pipitone v. Biomatrix, Inc.*,
22 288 F.3d 239 (11th Cir. 2002). Although Defendant does not appear to be contemplating
23 presenting an opposing expert, counsel's contradiction of the expert's proposed testimony
24 may be established by cross-examination (e.g., questions regarding statistics). This dispute
25 does not address the admissibility of the testimony of Agent Heston, if qualified as an expert,

---

[1] In the context of the statement, counsel appears to be stating that Agent Heston has the expertise based on his experience and training as to how organizations operate.

- 3 -

1 but rather, the weight a jury may decide to place on such testimony. As non-scientific
2 evidence, this testimony's reliability "depends heavily on the knowledge and experience of
3 the expert, rather than the a methodology or theory behind it." *United States v. Hankey*, 203
4 F.3d 1160, 1169 (9th Cir. 2000). Again, the Court makes a preliminary finding that the
5 proposed testimony will be reliable, subject to the presentation of the witness' qualifications
6 and experience and Defendant's *voir dire* of the witness. *See Alatorre*, 222 F.3d at 1105
7 (district court did not abuse discretion when it denied a *Daubert* hearing, but specified
8 defendant would have opportunity to explore relevance and reliability of proposed
9 testimony).

*Relevance of Agent Heston's Testimony*

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Defendant asserts that Agent Heston's proposed testimony would not assist the trier of fact in determining or understanding a fact in issue. Indeed, Defendant asserts that Agent Heston's testimony will be cumulative as to the testimony that will be presented by fact witnesses. The government has asserted that Agent Heston would testify regarding the modus operandi of a alien smuggling operation (i.e., how aliens are staged in hotels, how aliens are guided by foot guides across the border, how relatives are to make payment to other persons, how aliens are picked up in a van, how a heat car is used, and how a tandem vehicle is used). The government asserts that while many potential jurors may be aware that alien smuggling goes on, the potential jurors may not know how it is organized. Such generalized testimony, the government asserts, will provide the jurors with an understanding of an alien smuggling operation.

Agent Heston's testimony will not be cumulative of the testimony by the fact witnesses. Rather, his testimony will be regarding general alien smuggling organizations; it will be up to the jury to determine how those generalizations compare to the testimony by

1  the fact witnesses and what weight should be placed on that evidence. Moreover, the
2  method, means and manner in which alien smuggling organizations smuggle aliens into the
3  United States is not information within the average juror's knowledge. Agent Heston's
4  testimony would assist the jury in understanding why Defendant was not driving the van in
5  which the aliens were located. As further argued by the government, Defendant is charged
6  with transportation for profit and this modus operandi evidence will allow the jury to
7  understand why no evidence that Defendant was to receive payment will be presented at trial.
8  Modus operandi testimony assists a jury in understanding complex criminal activity and
9  "alerts it to the possibility that combinations of seemingly innocuous events may indicate
10 criminal behavior." *United States v. Gill*, 58 F.3d 1414, 1422 (9th Cir. 1995), *quoting United*
11 *States v. Johnson*, 735 F.2d 1200, 1202 (9th Cir. 1984). The Court finds that this modus
12 operandi testimony is relevant.

13 Defendant also asserts that the prejudicial value of the evidence outweighs any
14 probative quality of the evidence. *See* Fed.R.Evid. 403 (relevant evidence should be
15 excluded "if its probative value is substantially outweighed by the danger of unfair
16 prejudice"). "Of course, all relevant evidence is prejudicial; Rule 403 is concerned only with
17 limiting 'unfair' prejudice." *United States v. Simpson*, 910 F.2d 154, 158 (4th Cir. 1990).
18 Unfair prejudice "mean an undue tendency to suggest decision on an improper basis,
19 commonly, though not necessarily, an emotional one." Fed.R.Evid. 403, Adv. Comm. Notes;
20 *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650 (1997). Agent Heston's
21 testimony constitutes profile testimony. This type of testimony is inherently prejudicial and
22 admissible only in limited circumstance, including to establish a modus operandi. *See United*
23 *States v. Webb*, 115 F.3d 711 (9th Cir. 1997); *United States v. Cordoba*, 104 F.3d 225 (9th
24 Cir. 1997). The evidence offered in this case will be presented to assist the jury in
25 understanding the modus operandi of a complex criminal operation, an alien smuggling
26 organization.

27 Moreover, Defendant is not only charged with transportation for profit, but also
28 conspiracy to transport. Because Defendant is charged with conspiracy, the methods used

by an alien smuggling operation are relevant to this case. This case does not present a situation like that discussed in *United States v. Pablo Varela-Rivera*, 279 F.3d 1174 (9th Cir. 2002). In *Varela-Rivera*, the Ninth Circuit held that the modus operandi testimony was unfairly prejudicial where the defendant had not been charged with conspiracy. In this case, Defendant is charged with conspiracy; he is alleged to be associated with an alien smuggling organization in at least some minor way. Additionally, in a pre-*Daubert* case, the Ninth Circuit has found that the admission of expert testimony on the modus operandi of an alien smuggling ring was not material error. *United States v. Sanchez-Murillo*, 608 F.2d 1314 (9th Cir. 1979). Any prejudice from the modus operandi testimony by Agent Heston will not outweigh the probative value of the evidence.

*Ultimate Issue*

Defendant asserts that the magistrate judge's statement that she is not aware of any anticipated testimony of Agent Heston that would violate Fed.R.Evid. 704(b) requirements regarding ultimate issue testimony fails to consider that the magistrate judge did not require any testimony and, when invited to present testimony, the government declined to present any testimony. The Court accepts the government's proffer of what Agent Heston's testimony will include; that proffer does not encompass ultimate issue testimony as to the Defendant's mental state or condition.

*Conclusion*

The Court finds the testimony and its parameters, as proffered by the government and discussed during the August 23, 2007, hearing, is admissible, subject to presentation of Agent Heston's qualifications and *voir dire* by the defense.

Accordingly, IT IS ORDERED:
1. The Report and Recommendation [Doc. # 61] is ADOPTED;
2. The Motion in Limine to Preclude Introduction fo Expert Testimony [Doc. #

1  48] is DENIED.

2  3. The government shall file a response to the Motion for Disclosure [Doc. # 65]
3  on or before October 9, 2007.

4  DATED this 3rd day of October, 2007.

Cindy K. Jorgenson
United States District Judge

- 7 -